958 F.2d 369
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Phillip Ray FREE, Jr., Defendant-Appellant.
 No. 91-5852.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 2, 1992.
Decided March 13, 1992.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., District Judge. (CR-91-6-G)
 E. Raymond Alexander, Jr., Susan Hayes, Greensboro, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before SPROUSE and WILKINSON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Phillip Ray Free, Jr., pled guilty to conspiracy to possess crack cocaine with intent to distribute (21 U.S.C. § 846 (1988)). In this appeal, he challenges the sentence imposed, alleging that the district court erred in raising his base offense level for possession of a gun during the offense. See United States Sentencing Commission, Sentencing Guidelines, § 2D1.1(b)(1) (Nov. 1990). We affirm.
 
 
 2
 After Free and a co-defendant attempted to sell crack to a detective, a search warrant was executed at Free's house. Drugs were found hidden in several places in the house, and an assault rifle was under Free's bed. The gun belonged to a separate group of drug dealers who were using Free's house as a stash house. Free admitted to officers on the day of his arrest that he knew the gun was in his house. Although in his objection to the probation officer's recommendation for the enhancement Free maintained that he thought the gun had been removed by the owners at his request, he did not make this argument at the sentencing hearing.
 
 
 3
 If a weapon is present the enhancement should be made unless it is clearly improbable that the weapon is connected to the offense. U.S.S.G. § 2D1.1, comment. (n. 3). An accomplice is accountable for a weapon if he knows of it or if its presence is reasonably foreseeable to him. United States v. White, 875 F.2d 427, 433 (4th Cir.1989). We review the district court's determination for clear error, United States v. Apple, 915 F.2d 899, 914 (4th Cir.1990) and find none.
 
 
 4
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED